SCOTT E. ASPHAUG
Acting United States Attorney
COBY HOWELL, Senior Trial Attorney
U.S. Department of Justice
c/o U.S. Attorney's Office
1000 SW Third Avenue
Portland, OR 97204-2902
Tel: (503) 727-1023 | Fax: (503) 727-1117
E-mail:  Coby.Howell@usdoj.gov

JEAN E. WILLIAMS, Acting Assistant Attorney General
SETH M. BARSKY, Chief
S. JAY GOVINDAN, Assistant Chief
MICHELLE M. SPATZ, Trial Attorney (D.C. Bar No. 1044400)
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
P.O. Box 7611, Ben Franklin Station
Washington, D.C. 20044-7611
Tel: (202) 598-9741; Fax: (202) 305-0275
E-mail: Michelle.Spatz@usdoj.gov

*Attorneys for Federal Defendants*

**UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
MEDFORD DIVISION**

| | |
|---|---|
| KLAMATH-SISKIYOU WILDLANDS CENTER, OREGON WILD, and CASCADIA WILDLANDS, <br><br>*Plaintiffs*, <br><br>v. <br><br>UNITED STATES FISH AND WILDLIFE SERVICE, and UNITED STATES BUREAU OF LAND MANAGEMENT, <br><br>*Federal Defendants.* | Case No. 1:20-cv-00952-AA <br><br>**FEDERAL DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR JUDICIAL NOTICE [ECF 19]** |

# **TABLE OF CONTENTS**

**PAGE**

I. INTRODUCTION ................................................................................................................ 1

II. ARGUMENT ...................................................................................................................... 2

    A. The Court Should Reject Plaintiffs' Improper Attempt to Use Judicial Notice To Circumvent Record Review Rules. ............................................................................... 2

    B. Plaintiffs' Exhibits Are Not Proper Subject-Matter For Judicial Notice. .......................... 4

        1. Post-Decisional Materials Should Not Be Considered In A Record Review Case. ......... 4

        2. Judicial Notice is Not Appropriate for the Documents Plaintiffs Seek to Introduce. ....... 6

    C. None Of The Recognized Exceptions To Record Review Apply To Plaintiffs' Proffered Exhibits. ........................................................................................................ 8

III. CONCLUSION ................................................................................................................... 9

# **TABLE OF AUTHORITIES**

**CASE** **PAGE**

*Alliance for the Wild Rockies v. Marten*,
   CV 16-35-M-DWM, 2016 WL 7174671 (D. Mont. Oct. 3, 2016) ............................................. 3

*Alliance for the Wild Rockies v. Probert*,
   412 F. Supp. 3d 1188 (D. Mont. 2019) .................................................................................. 3, 8

*Animal Def. Council v. Hodel*,
   840 F.2d 1432 (9th Cir. 1988) ..................................................................................................... 8

*Axiom Res. Mgmt., Inc. v. United States*,
   564 F.3d 1374 (Fed. Cir. 2009) .................................................................................................... 3

*Balt. Gas & Elec. Co. v. Nat. Res. Def. Council, Inc.*,
   462 U.S. 87 (1983) ....................................................................................................................... 2

*Citizens to Pres. Overton Park, Inc. v. Volpe*,
   401 U.S. 402 (1971) ..................................................................................................................... 2

*City of Sausalito v. O'Neill*,
   386 F.3d 1186 (9th Cir. 2004) ..................................................................................................... 5

*Ctr. For Biological Diversity v. U.S. E.P.A.*,
   90 F. Supp. 3d 1177 (W.D. Wash. 2015) ................................................................................... 4

*Ctr. for Biological Diversity v. U.S. Fish & Wildlife Serv.*,
   450 F.3d 930 (9th Cir. 2006) ....................................................................................................... 4

*Fla. Power & Light Co. v. Lorion*,
   470 U.S. 729 (1985) ..................................................................................................................... 3

*Hargis v. Access Cap. Funding*, LLC,
   No. 4:09-CV-604 CDP, 2010 WL 5399222 (E.D. Mo. Dec. 23, 2010) ...................................... 6

*Karuk Tribe of Cal. v. U.S. Forest Serv.*,
   681 F.3d 1006 (9th Cir. 2012) ..................................................................................................... 2

*Lands Council v. Powell*,
   395 F.3d 1019 (9th Cir. 2005) .............................................................................................. 2, 8, 9

*Murakami v. United States*,
   46 Fed. Cl. 731 (Fed. Cl. 2000) ................................................................................................... 3

*Nat'l Family Farm Coal. v. U.S. Env't Prot. Agency*,
    966 F.3d 893 (9th Cir. 2020) ............................................................................................. 2, 4

*New 49'ers, Inc. v. Karuk Tribe of Cal.*,
    568 U.S. 1228 (2013) .............................................................................................................. 2

*Ninilchik Traditional Council v. United States*,
    227 F.3d 1186 (9th Cir. 2000) ............................................................................................... 2

*Nw. Coal. for Alts. to Pesticides v. U.S. E.P.A.*,
    920 F. Supp. 2d 1168 (W.D. Wash. 2013) ............................................................................ 5

*Rybachek v. U.S. E.P.A.*,
    904 F.2d 1276 (9th Cir. 1990) ............................................................................................... 4

*San Luis & Delta-Mendota Water Auth. v. Jewell*,
    747 F.3d 581 (9th Cir. 2014) ................................................................................................. 3

*Tri-Valley CAREs v. U.S. Dep't of Energy*,
    671 F.3d 1113 (9th Cir. 2012) ............................................................................................... 4

*United States v. Carlo Bianchi & Co.*,
    373 U.S. 709 (1963) .............................................................................................................. 2

*United States v. 14.02 Acres of Land More or Less in Fresno Cnty*,
    547 F.3d 943 ,955 (9th Cir. 2008) ......................................................................................... 7

*United States v. Ritchie*,
    342 F.3d 903 (9th Cir. 2003) ................................................................................................. 7

*United States v. Wolny*,
    133 F.3d 758 (10th Cir. 1998) ............................................................................................... 6

*Vill. of False Pass v. Clark*,
    733 F.2d 605 (9th Cir. 1984) ................................................................................................. 2

*Vt. Yankee Nuclear Power Corp. v. Nat. Res. Def. Council*,
    435 U.S. 519 (1978) .............................................................................................................. 4

*Von Saher v. Norton Simon Museum of Art at Pasadena*,
    592 F.3d 954 (9th Cir. 2010) ................................................................................................. 8

*Wilson v. Comm'r of Internal Revenue*,
    705 F.3d 980 (9th Cir. 2013) ................................................................................................. 3

**STATUTES**

44 U.S.C. § 1507 ................................................................................................................ 6

**FEDERAL REGULATIONS**

Fed. R. Evid. 201(b) ..................................................................................................... 7, 8
86 Fed. Reg. 22,876 (Apr. 30, 2021) ................................................................................ 6

## I.     INTRODUCTION

Plaintiffs ask the Court to take judicial notice of two extra-record documents that post-date the challenged agency decisions at issue in this case and were indisputably not available to be considered by agency decision-makers. Plaintiffs' motion should be denied.

At issue in this case are: an August 7, 2019 biological opinion ("BiOp") issued by the U.S. Fish and Wildlife Service ("FWS"), concluding that the Poor Windy and Evans Creek forest management projects are not likely to jeopardize the continued existence of the Northern spotted owl or destroy or adversely modify its critical habitat; and Plaintiffs' assertion that the Bureau of Land Management ("BLM") was required to reinitiate consultation on the projects to consider the impacts of two 2019 wildfires that partially overlapped the project areas. FWS concurred with BLM's decision not to reinitiate consultation, in writing, on September 28, 2019.

Despite the fact that all relevant agency decisions were final in 2019, Plaintiffs ask this Court to take judicial notice of the contents of a rule published by FWS in the Federal Register on April 30, 2021 ("Delay Rule") and a memorandum prepared by the supervisor of the FWS Oregon Office on January 15, 2021 ("FWS 2021b Memo") that is referenced in the Delay Rule.

These documents are irrelevant to the Court's adjudication of the merits of this case, as they did not even exist for agency decision-makers to consider them in connection with FWS's BiOp on the Poor Windy and Evans Creek projects ("FY 2019 BiOp") or the agencies' determination that reinitiation of consultation was unnecessary. Accordingly, Plaintiffs' motion must be denied because judicial notice cannot be used to circumvent the Administrative Procedure Act's ("APA") record review principles. The APA makes clear that post-decisional information may not be offered as a new rationalization for attacking an agency's decision. Moreover, the Court should not take judicial notice of the proffered documents because Plaintiffs

improperly attempt to use them to establish as fact matters that are subject to reasonable dispute. Lastly, the documents do not fall within one of the limited exceptions to the applicable record review principles.

### II. ARGUMENT

**A. The Court Should Reject Plaintiffs' Improper Attempt to Use Judicial Notice To Circumvent Record Review Rules.**

Under the APA, a court's review of federal agencies' administrative actions is limited to the "arbitrary and capricious" standard of review and the scope of review is confined to the administrative record. *United States v. Carlo Bianchi & Co.*, 373 U.S. 709, 709-15 (1963); *Ninilchik Traditional Council v. United States*, 227 F.3d 1186, 1193-94 (9th Cir. 2000) (holding that APA review standards apply unless a statute expressly indicates a contrary intent).[1] Under this standard and scope of review, a court's task is "to determine whether the [agency] has considered the relevant factors and articulated a rational connection between the facts found and the choice made." *Balt. Gas & Elec. Co. v. Nat. Res. Def. Council, Inc.*, 462 U.S. 87, 105 (1983) (citations omitted). The court's determination is "to be based on the full administrative record that was before the [agency decision-makers] at the time [they] made [their] decision." *Citizens to Pres. Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971). This is because, "[w]ere the federal courts routinely or liberally to admit new evidence when reviewing agency decisions, it would be obvious that the federal courts would be proceeding, in effect, de novo rather than with the proper deference to agency processes, expertise, and decision-making." *Lands Council v. Powell*, 395 F.3d 1019, 1030

---

[1] The APA's standard and scope of review also applies to ESA citizen suit claims. *Karuk Tribe of Cal. v. U.S. Forest Serv.*, 681 F.3d 1006, 1017 (9th Cir. 2012) (en banc) ("An agency's compliance with the ESA is reviewed under the Administrative Procedure Act.") (citation omitted), *cert. denied sub nom. New 49'ers, Inc. v. Karuk Tribe of Cal.*, 568 U.S. 1228 (2013); *Vill. of False Pass v. Clark*, 733 F.2d 605, 609 (9th Cir. 1984) (holding that the "ESA contains no internal standard of review," and so the APA applies); *Nat'l Family Farm Coal. v. U.S. Env't Prot. Agency*, 966 F.3d 893, 923 (9th Cir. 2020) (same).

(9th Cir. 2005); *see also Wilson v. Comm'r of Internal Revenue*, 705 F.3d 980, 997 (9th Cir. 2013). Accordingly, the "focal point for judicial review [of agency action] should be the administrative record already in existence, not some new record made initially in the reviewing court." *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743 (1985) (citation omitted); *San Luis & Delta-Mendota Water Auth. v. Jewell*, 747 F.3d 581, 602 (9th Cir. 2014) ("Our review is limited to the 'administrative record already in existence[.]'") (citation omitted).

The Court should deny Plaintiffs' motion for judicial notice because it seeks to circumvent the principle of record review by using the contents of the proffered documents to second guess the agency decisions at issue. *See, e.g.,* ECF No. 19 at 7-8 ("Pls.' Mot.") (stating that the "FWS 2021b [Memo] acknowledges the uncertainty associated with a permanent barred owl control program" and arguing that this supports a conclusion that "FWS may not rely on [the barred owl control program] for its no jeopardy/destruction or adverse modification of critical habitat findings" in the BiOp challenged by Plaintiffs). However, a "party cannot circumvent the rules governing record supplementation by asking for judicial notice rather than supplementation." *All. for Wild Rockies v. Probert*, 412 F. Supp. 3d 1188, 1198 (D. Mont. 2019) (quoting *All. for the Wild Rockies v. Marten*, CV 16-35-M-DWM, 2016 WL 7174671, at *3 (D. Mont. Oct. 3, 2016)). Indeed, "discretion to take judicial notice must be exercised sparingly lest Rule 201 [allowing judicial notice] be wielded to create an exception that would envelop the established procedures for conducting arbitrary and capricious review." *Murakami v. United States*, 46 Fed. Cl. 731, 739 (Fed. Cl. 2000); *Axiom Res. Mgmt., Inc. v. United States*, 564 F.3d 1374, 1379 (Fed. Cir. 2009). Plaintiffs should not be permitted to use Rule 201 to bypass the proper scope of review for its claims, which is limited to the administrative record.

**B. Plaintiffs' Exhibits Are Not Proper Subject-Matter For Judicial Notice.**

**1. Post-Decisional Materials Should Not Be Considered In A Record Review Case.**

Plaintiffs' attempt to evade the applicable scope of review is particularly and conspicuously inappropriate because Plaintiffs' proffered exhibits did not even *exist* at the time of the challenged agency actions. The Delay Rule that Plaintiffs request judicial notice of was not published until April 30, 2021, over twenty months after FWS issued the FY 2019 BiOp, and over eighteen months after the agencies determined that reinitiation of consultation was not necessary following wildfires in the area. Similarly, the FWS 2021b Memo was not prepared until over seventeen months after the FY 2019 BiOp was issued and fifteen months after the agencies' evaluated whether reinitation of consultation was needed.

Judicial review is limited to the documents that were considered at the time the agencies' decisions were made. *Vt. Yankee Nuclear Power Corp. v. Nat. Res. Def. Council*, 435 U.S. 519, 555 (1978). Post-decisional information may not be used as a new rationalization for attacking an agency's decision. *Ctr. for Biological Diversity v. U.S. Fish & Wildlife Serv.*, 450 F.3d 930, 944 (9th Cir. 2006); *Rybachek v. U.S. E.P.A.*, 904 F.2d 1276, 1296 n.25 (9th Cir. 1990) (It is not appropriate to use "post-decision information as a new rationalization either for sustaining or attacking the [a]gency's decision.") (citation omitted); *Tri-Valley CAREs v. U.S. Dep't of Energy*, 671 F.3d 1113, 1131 (9th Cir. 2012) (The use of post-decisional information to cast doubt on agency decisions is prohibited by the "post-decision bar" to supplementation of the record). Although the Court may consider post-decisional information in very limited circumstances, it may not use it to judge the wisdom of the agency's decision. *Ctr. For Biological Diversity v. U.S. E.P.A.*, 90 F. Supp. 3d 1177, 1198-99 (W.D. Wash. 2015). Obviously, this makes intuitive sense as the agency is not required to "make decisions on data that does not yet exist." *Nat'l Fam. Farm*

*Coal.*, 966 F.3d at 925 (citation omitted). Despite the clarity of the law on this question, Plaintiffs request that the Court consider the contents of a rule and memorandum that did not exist at the time the challenged agency decisions were made, for the stated purpose of "provid[ing] contemporary information about the biological status of the northern spotted owl," including "relevant and probative facts that bear upon the issues raised in [Plaintiffs'] Complaint and Motion for Summary Judgment." Pls.' Mot. at 7. If the Court were to consider the contents of these proffered materials, it would go beyond the mandate of the Endangered Species Act ("ESA") and beyond the scope of arbitrary and capricious review under the APA, and on these grounds alone, the Court should deny Plaintiffs' request.

In addition, the proffered evidence must be relevant to the question of whether relief should be granted. *See City of Sausalito v. O'Neill*, 386 F.3d 1186, 1223 n.2 (9th Cir. 2004); *see also Nw. Coal. for Alts. to Pesticides v. U.S. E.P.A.*, 920 F. Supp. 2d 1168, 1176 (W.D. Wash. 2013). Whether relief should be granted for Plaintiffs in this case rests on two questions: (1) whether FWS's finding in the FY 2019 BiOp that the projects are not likely to jeopardize the continued existence of the spotted owl or destroy or adversely modify its critical habitat was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;" and (2) whether BLM and FWS violated ESA Section 7 by determining that it was not necessary to reinitiate formal consultation in light of the wildfire impacts in the project area.

Neither the FWS 2021b Memo nor the Delay Rule that Plaintiffs request the Court take judicial notice of have any bearing on the relief to be addressed by this Court. Both the FWS 2021b Memo and the Delay Rule address a January 15, 2021 final rule published by the Department of the Interior that excludes certain areas of designated critical habitat for the spotted owl based on the Secretary of Interior's discretionary authority under section 4(b)(2) of the ESA ("Exclusions

Rule"). The Delay Rule delays the effective date of the Exclusions Rule until December 15, 2021. 86 Fed. Reg. 22,876 (Apr. 30, 2021). The FWS 2021b Memo was written by Dr. Paul Henson, the supervisor of the FWS Oregon Office, "to clarify and correct some potential misinterpretations of the scientific information and conclusions" in a FWS memorandum used in development of the Exclusions Rule. FWS 2021b Memo at 1. Neither the FWS 2021b Memo nor the memorandum that it sought to clarify existed at the time of the agency actions at issue in this case and it would have been impossible for FWS or BLM to consider them.

The relief Plaintiffs have requested from this Court is to vacate the FY 2019 BiOp and to order the agencies to reinitation consultation. ECF No. 7 at 28-29, Plaintiffs' Prayer for Relief. Neither the Delay Rule nor the FWS 2021b Memo have any bearing on this requested relief, and are therefore not appropriate for judicial notice.

**2. Judicial Notice is Not Appropriate for the Documents Plaintiffs Seek to Introduce.**

Plaintiffs argue that the Federal Register Act "mandates" judicial notice of the Delay Rule. Pls.' Mot. at 3. Contrary to Plaintiffs' contention, the Federal Register Act does not mandate that the Court take judicial notice of all Federal Register notices. "Courts are not . . . required to take judicial notice under the [Federal Register] Act of laws that are irrelevant to the proceeding." *Hargis v. Access Cap. Funding*, LLC, No. 4:09-CV-604 CDP, 2010 WL 5399222, at *1 (E.D. Mo. Dec. 23, 2010), *vacated on other grounds*, 674 F.3d 783 (8th Cir. 2012) (citing *United States v. Wolny*, 133 F.3d 758, 765 (10th Cir. 1998)). Here, as discussed *supra*, the Delay Rule issued in 2021 did not and could not have had any impact on the 2019 agency decisions at issue in this case and is therefore irrelevant to the proceeding. The Federal Register Act also does not mandate judicial notice of the FWS 2021b Memo because, in addition to being post-decisional, it is not a document that was "published in the Federal Register." 44 U.S.C. § 1507.

Plaintiffs further argue that judicial notice of the FWS 2021b Memo is appropriate because it is a "matter[] of public record" since FWS "made the document publicly available on Regulations.gov as part of its rulemaking docket." Pls.' Mot. at 5. But simply making a document public does make it appropriate for judicial notice in this proceeding. And while a court may take judicial notice of the *existence* of matters of public record, it is generally not appropriate to take judicial notice of the veracity of the *contents* of such documents. *See, e.g., United States v. 14.02 Acres of Land More or Less in Fresno Cnty.*, 547 F.3d 943, 955 (9th Cir. 2008) (finding that the court may refer to a government report for background purposes only, but not to resolve factual disputes). Yet that is precisely what Plaintiffs seek here, as Plaintiffs request that the Court take judicial notice of the *contents* of the 2021b Memo; specifically, selected excerpts and conclusions from the memorandum which Plaintiffs present to further support their claims. *See* Pls.' Mot. at 8-9. This carries the concept of judicial notice too far, and Plaintiffs' request should be denied.

With respect to the FWS 2021b Memo, Plaintiffs also argue that judicial notice is appropriate under Federal Rule of Evidence 201 because "[t]he contents of [the] agency document are 'adjudicative facts' that are not subject to reasonable dispute," and "[t]he accuracy of the document is capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned." Pls.' Mot. at 4-5 (citations omitted). But the memorandum, which conveys the comments of one FWS scientist regarding another agency memorandum, is not an adjudicative fact subject to judicial notice under Federal Rule of Evidence 201. Under Rule 201, facts are subject to judicial notice only if they are either "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *see also United States v. Ritchie*, 342 F.3d 903, 908-09 (9th Cir. 2003) (Courts may only

take judicial notice of adjudicative facts that are "not subject to reasonable dispute") (citing Fed. R. Evid. 201(b)). Nor can a plaintiff use judicial notice to establish that the contents of extra-record documents are factual support for their position, as Plaintiffs attempt to do here. *See Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010); *see also Probert*, 412 F. Supp. 3d at 1198 (noting that, even though government documents can be subject to judicial notice, "the contents of those documents cannot be used to second guess an agency decision") (citation omitted).

### C. None Of The Recognized Exceptions To Record Review Apply To Plaintiffs' Proffered Exhibits.

Finally, even if Plaintiffs' proffered exhibits were appropriate for the Court to take judicial notice of (which they are not), Plaintiffs would still have to demonstrate that each document meets an exception to the record review rule. Consistent with these principles, the Ninth Circuit has identified four narrowly-circumscribed exceptions to record review:

> In limited circumstances, district courts are permitted to admit extra-record evidence: (1) if admission is necessary to determine "whether the agency has considered all relevant factors and has explained its decision," (2) if "the agency has relied on documents not in the record," (3) "when supplementing the record is necessary to explain technical terms or complex subject matter," or (4) "when plaintiffs make a showing of agency bad faith."

*Lands Council,* 395 F.3d at 1030 (citation omitted). These exceptions are to be applied sparingly. *Id.* Accordingly, courts are insistent that a party seeking to avail itself of one of the exceptions must make an initial showing that the administrative record presented is inadequate to allow for effective judicial review and that one of the exceptions applies. *Animal Def. Council v. Hodel*, 840 F.2d 1432, 1436-38 (9th Cir. 1988). Here, Plaintiffs have not shown – nor even made any attempt in their motion to show – that the administrative record is inadequate or that any of the exceptions apply. Rather, Plaintiffs merely contend that the "FWS 2021b [Memo] is relevant

to the issues pending before the Court[.]" Pls.' Mot. at 7. This is patently insufficient under the standard set forth by the Ninth Circuit. *Lands Council*, 395 F.3d at 1030.

Furthermore, none of the record review exceptions apply here because: (1) the admission of the documents are not necessary to determine "whether the agency has considered all relevant factors and has explained its decision," as they are post-decisional documents that have no bearing on whether the agencies considered the relevant factors before them at the time; (2) there is no evidence to suggest that the agencies relied on documents outside of the record (nor do Plaintiffs argue that such evidence exists); (3) neither document is "necessary to explain technical terms or complex subject matter"; and (4) there has been no showing of agency bad faith. Thus, even if the Court were to find that the two documents could be judicially noticed, there is still no reason for them to be considered as the Court evaluates the merits of this case.

### III.  CONCLUSION

For the reasons stated herein, Federal Defendants respectfully request that the Court deny Plaintiffs' Motion for Judicial Notice of the Exclusion Rule and the FWS 2021b Memo.

Dated:  June 8, 2021                    Respectfully submitted,

JEAN E. WILLIAMS,
Acting Assistant Attorney General
SETH M. BARSKY, Chief
S. JAY GOVINDAN, Assistant Chief
COBY HOWELL, Senior Trial Attorney

*/s/ Michelle M. Spatz*
MICHELLE M. SPATZ, Trial Attorney
D.C. Bar No. 1044400
United States Department of Justice
Environment & Natural Resources Division
Wildlife and Marine Resources Section
P.O. Box 7611, Ben Franklin Station
Washington, D.C. 20044-7611
Tel: (202) 598-9741; Fax: (202) 305-0275

E-mail: michelle.spatz@usdoj.gov

*Attorneys for Federal Defendants*

## CERTIFICATE OF SERVICE

  I hereby certify that on June 8, 2021, I electronically filed and served the foregoing Opposition to Plaintiffs' Motion for Judicial Notice [ECF 19] on all counsel of record via the CM/ECF system.

/s/ Michelle M. Spatz
MICHELLE M. SPATZ, Trial Attorney
D.C. Bar No. 1044400
United States Department of Justice
Environment & Natural Resources Division
Wildlife and Marine Resources Section
P.O. Box 7611, Ben Franklin Station
Washington, D.C. 20044-7611
Tel: (202) 598-9741; Fax: (202) 305-0275
E-mail: michelle.spatz@usdoj.gov

*Attorneys for Federal Defendants*
