SANGYE INCE-JOHANNSEN (OSB #193827)
Western Environmental Law Center
120 Shelton McMurphey Blvd, Ste 340
Eugene, OR 97401
(541) 778-6626 | Phone
sangyeij@westernlaw.org

SUSAN JANE BROWN (OSB #054607)
Western Environmental Law Center
4107 NE Couch St.
Portland, OR 97232
(503) 914-1323 | Phone
brown@westernlaw.org

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
MEDFORD DIVISION

| | |
|---|---|
| KLAMATH-SISKIYOU WILDLANDS CENTER, OREGON WILD, and CASCADIA WILDLANDS,<br>　　*Plaintiffs,*<br><br>vs.<br><br>UNITED STATES FISH AND WILDLIFE SERVICE, and UNITED STATES BUREAU OF LAND MANAGEMENT,<br>　　*Defendants.* | Civ. Case No. 1:20-cv-00952-AA<br><br>**REPLY MEMORANDUM IN SUPPORT OF MOTION FOR JUDICIAL NOTICE** |

**I.    Judicial Notice of The Delay Rule and FWS 2021b is Required by the Federal Register Act.**

Contrary to Defendants' contentions relying on out-of-Circuit precedent, the Ninth Circuit has recognized that the Federal Register Act, 44 U.S.C. § 1507, *mandates* judicial notice of documents published in the Federal Register. *United States v. Woods*, 335 F.3d 993, 1001 (9th Cir. 2003) ("Far from abusing its discretion, the district court

PAGE 1 – REPLY MEMORANDUM IN SUPPORT OF MOTION FOR JUDICIAL NOTICE

complied with federal law by judicially noticing the rule" under the Federal Register Act); *see also Adams v. United States*, Civ. No. 03-0049, 2009 WL 2032378, *1 (D. Idaho July 6, 2009) ("There is no dispute that Federal Register entries are appropriate subject matter of which the Court may take judicial notice") (citing *Woods*); *contra* Opp. Br. 6 (citing *Hargis v. Access Cap. Funding, LLC*, No. 4:09-CV-604 CDP, 2010 WL 5399222, *1 (E.D. Mo. Dec. 23, 2010), *vacated*, 674 F.3d 783 (8th Cir. 2012)).

Here, it is uncontested that Exhibit A ("Delay Rule") was published in the Federal Register. Therefore, under the plain language of the Federal Register Act, confirmed by the Ninth Circuit in *Woods*, it is properly before the court on Plaintiffs' motion for judicial notice. With respect to Exhibit B ("FWS 2021b"), this document was explicitly and repeatedly referenced throughout the Delay Rule as an important document concerning the status of the northern spotted owl. Because the Delay Rule is properly before the Court under the Federal Register Act, and because FWS 2021b gives necessary context to understand the import of the Delay Rule, it, too, is properly before the court. *See Wilson v. Frito-Lay North America, Inc.*, 260 F. Supp. 3d 1202, 1207 (N.D. Cal. May 26, 2017) (taking judicial notice of a letter from a public interest group to FDA, because it provided context for FDA's response, which the court had taken notice of as a matter of public record).

## II. Judicial Notice of FWS 2021b is Also Permissible under Fed. R. Evid. 201(b).

In addition to the judicial notice requirement stemming from the Federal Register Act, the court may—and should—take judicial notice of FWS 2021b because it is a publicly available government document. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629

F.3d 992, 998–99 (9th Cir. 2010) (a court may take judicial notice under FED. R. EVID. 201(b) of government information published on website); *Papai v. Harbor Tug and Barge Co.*, 67 F.3d 203, 207 n.5 (9th Cir. 1995), *rev'd on other grounds*, 520 U.S. 548 (1997) ("judicial notice is properly taken of orders and decisions made by . . . administrative agencies"), *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir.1986) (court may take judicial notice of records and reports of state administrative bodies), *rev'd on other grounds*, *Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104 (1991). Contrary to federal defendants' contention, Opp. Br. 5–6, FWS 2021b is highly relevant to this litigation for the three reasons set forth in KS Wild's opening memorandum in support of the instant motion, Dkt. 18, 7–10.

      Although defendants vaguely suggest that FWS 2021b concerns "matters that are subject to reasonable dispute," Br. 2, defendants do not actually dispute the accuracy of FWS 2021b. This is pivotal, as the relevant case law does not ask whether documents are *hypothetically* subject to reasonable dispute, but whether their accuracy is *actually* reasonably disputed. *See All. for the Wild Rockies v. Zinke*, 265 F. Supp. 3d 1161, 1176 (D. Mont. 2017) ("Because Defendants do not dispute the accuracy of these exhibits, the Court will take judicial notice of the government documents"); *but see Friends of the Clearwater v. Higgins*, 2:20-cv-00243, 2021 WL 827015, *5 (D. Idaho Mar. 4, 2021) (courts may not take judicial notice of the contents of publicly available government documents "for the truth of the matters asserted therein when the facts are disputed"). As the government does not dispute the accuracy of FWS 2021b in the context of this adversarial proceeding, nor point to any other authority disputing its

accuracy, it cannot seriously contend that any "reasonable dispute" exists as to its accuracy.[1]

### III. KS Wild's Motion for Judicial Notice Does Not Attempt to Circumvent Record Review Principles.

Federal defendants begin their opposition to KS Wild's Motion for Judicial Notice with a tutorial of the basic principles of judicial review of administrative decisions pursuant to the Administrative Procedure Act, which typically focuses on a "record review" of the agency's contemporary decisionmaking process. Opp. Br. 1–6; *Lands Council v. Powell*, 395 F.3d 1019, 1030 (9th Cir. 2004). Based on this overview, defendants argue that KS Wild should have moved the Court to supplement or complete the administrative record rather than seeking judicial notice pursuant to the Federal Record Act and FED. R. EVID. 201, Opp. Br. 1–6, and that had KS Wild moved to supplement the record, such a motion should be denied because the proffered documents do not fit within a recognized exception[2] to the record review rule, *id.*, 8–9.

---

[1] To the extent the government may later dispute the accuracy of FWS 2021b, the Court could still take judicial notice of its existence and the findings therein and weigh them accordingly. *See Cal. Sportfishing Prot. All. v. Shiloh Group, LLC*, 268 F. Supp. 3d 1029 (N.D. Cal. 2017). But KS Wild notes again that FWS described the information contained in FWS 2021b as "align[ed] with [FWS]'s . . . obligat[ion] . . . to use the 'most appropriate, best available, high quality scientific and scholarly data and information' to inform sound decisionmaking." 86 Fed. Reg. 22,879.

[2] *See Sw. Ctr. for Biological Diversity v. U.S. Forest Serv.*, 100 F.3d 1443, 1450 (9th Cir. 1996) ("This circuit has only allowed extra-record materials: (1) if necessary to determine whether the agency has considered all relevant factors and has explained its decision, (2) when the agency has relied on documents not in the record, or (3) when supplementing the record is necessary to explain technical terms or complex subject matter . . . Extra-record documents may also be admitted when plaintiffs make a showing of agency bad faith") (internal quotes and references omitted); *see also Powell*, 395 F.3d at 1030.

PAGE 4 – REPLY MEMORANDUM IN SUPPORT OF MOTION FOR JUDICIAL NOTICE

This rebuttal argument is a strawman, and this Court should pay it no attention in resolving KS Wild's Motion for Judicial Notice.

KS Wild is not required to move this Court to supplement or complete the administrative record because judicial notice pursuant to the Federal Register Act and FED. R. EVID. 201 are appropriate. Indeed, KS Wild's request for judicial notice is consistent with the practice of the Ninth Circuit, which frequently takes judicial notice of evidence without considering record review limitations. *See Or. Nat. Desert Ass'n v. BLM*, 625 F.3d 1092, n.14 (9th Cir. 2010) (taking judicial notice of agency document published years after the agency actions challenged in that case, without considering record review limitations); *Ctr. For Envtl Law and Policy v. U.S. Bureau of Reclamation*, 655 F.3d 1000, 1011 n.5 (9th Cir. 2011) (taking judicial notice of government document published during pendency of appeal, without considering record review limitations); *Dine Citizens Against Ruining Our Env't v. Bureau of Indian Affairs*, 932 F.3d 843, 848 n.1 (9th Cir. 2019) (taking judicial notice of subsequent agency documents without considering record review limitations).

Indeed, none of the cases cited by defendants in their opposition brief hold that when judicial notice is appropriate, that the moving party must *also* demonstrate that the proffered document(s) meets one or more of the record review exceptions.[3] Instead,

---

[3] Defendants argue that "the proffered evidence must be relevant to the question of whether relief should be granted," Opp. Br. 5 (citing cases), but the government overstates the holdings in its cited cases. In *City of Sausalito v. O'Neill,* 386 F.3d 1186, 1223 n.2 (9th Cir. 2004), the Ninth Circuit declined to admit extra record evidence because the proffered evidence went to whether the federal defendant had taken a final agency action, a matter that was not before the appellate court. Given that the issue was not before the court, the Ninth Circuit did not review the proffered evidence because "[u]ntil there has been an agency consistency determination, there is nothing for the federal courts to review. We decline to take judicial notice of the amendments to

PAGE 5 – REPLY MEMORANDUM IN SUPPORT OF MOTION FOR JUDICIAL NOTICE

the cases discuss whether judicial notice is appropriate,[4] whether the moving party carried its burden to supplement or complete the record,[5] or whether—without a motion for judicial notice or to supplement/complete the record—the court may consider a document under an exception to the record review requirement.[6] These cases do *not* conclude that judicially noticed documents must *also* fit within a record review exception and therefore do not support defendants' position that "if Plaintiffs' proffered exhibits were appropriate for the Court to take judicial notice of . . . Plaintiffs would still have to demonstrate that each document meets an exception to the record review rule." Opp. Br. 8.

---

the Bay Plan that have been adopted by the Bay Commission because, even if we took judicial notice, the amendments could have no legal significance in this appeal." *Id*. The District Court in *Nw. Coal. for Alternatives to Pesticides v. U.S. E.P.A.*, 920 F. Supp. 2d 1168, 1175–76 (W.D. Wash. 2013) does not discuss relief, but instead cites to *WildEarth Guardians v. U.S. Fed. Emergency Mgmt. Agency*, No. CV 10-863, 2011 WL 905656, *3 (D. Ariz. Mar. 15, 2011), which *does* discuss relief but focuses on cases and evidence that go to whether the federal defendant had cured a failure to act during the pendency of the litigation. Because KS Wild is not offering FWS 2021b in relation to a failure to act claim or a similar procedural failing, the document need not be relevant to whether this Court can grant relief because that issue is not before the Court in this Motion.

[4] *All. for the Wild Rockies v. Probert*, 412 F. Supp. 3d 1188, 1197–98 (D. Mont. 2019), *appeal dismissed sub nom. All. for the Wild Rockies v. Benson*, No. 19-36001, 2020 WL 3443468 (9th Cir. June 10, 2020); *All. for the Wild Rockies v. Marten*, No. CV 16-35-M, 2016 WL 7174671, *3 (D. Mont. Oct. 3, 2016); *Murakami v. United States*, 46 Fed. Cl. 731, 738–40 (2000); *Rybachek v. EPA*, 904 F.2d 1276, 1296 n.25 (9th Cir. 1990); *City of Sausalito v. O'Neill*, 386 F.3d 1186, 1223 n.2 (9th Cir. 2004).

[5] *Axiom Res. Mgmt., Inc. v. United States*, 564 F.3d 1374, 1379–80 (Fed. Cir. 2009); *Tri-Valley CAREs v. U.S. Dep't of Energy*, 671 F.3d 1113, 1130–31 (9th Cir. 2012); *Nw. Coal. for Alternatives to Pesticides v. EPA*, 920 F. Supp. 2d 1168, 1175–76 (W.D. Wash. 2013).

[6] *Probert*, 412 F. Supp. 3d at 1197–98; *Tri-Valley CAREs*, 671 F.3d at 1130–31; *Marten*, 2016 WL 7174671 at *2–3; *Ctr. for Biological Diversity v. FWS*, 450 F.3d 930, 943–44 (9th Cir. 2006); *Ctr. For Biological Diversity v. EPA*, 90 F. Supp. 3d 1177, 1197–201 (W.D. Wash. 2015).

PAGE 6 – REPLY MEMORANDUM IN SUPPORT OF MOTION FOR JUDICIAL NOTICE

And contrary to the contention of defendants, Opp. Br. 2 & n.1, review of claims brought under the ESA citizen suit provision is not limited to the administrative record. *W. Watersheds Project v. Kraayenbrink*, 632 F.3d 472 (9th Cir. 2010); *Wash. Toxics Coal. v. EPA*, 413 F.3d 1024, 1034 (9th Cir. 2005); *Conservation Congress v. U.S. Forest Serv.*, 2:16-cv-00864, 2017 WL 4340254, *1–2 (E.D. Cal. Sept. 29, 2017) ("Under Ninth Circuit law expressed in *Washington Toxics Coalition* and *Kraayenbrink*, then, there can be no question that the Court in this case 'may consider evidence outside the administrative record for the limited purposes of reviewing Plaintiffs' ESA claims'" (internal citations and punctuation omitted)). For this additional reason, judicial notice is appropriate and record review limitations do not apply with respect to KS Wild's claim under the ESA citizen suit provision seeking to compel BLM to reinitiate consultation.

Also contrary to defendants' contention, courts including the Ninth Circuit routinely take judicial notice of documents that post-date the agency decision being challenged. *See, e.g., Or. Nat. Desert Ass'n v. BLM*, 625 F.3d 1092 n.14 (9th Cir. 2010) (taking notice of BLM's 2005 Handbook, in case challenging BLM decisions made in 2001); *Ctr. for Envtl Law and Policy v. U.S. Bureau of Reclamation*, 655 F.3d 1000, 1011 n.5 (9th Cir. 2011) (taking judicial notice of government document published during pendency of appeal, and after the government actions challenged in that record review case); *City of Las Vegas v. FAA*, 570 F.3d 1109, 1113 n. 1 (9th Cir. 2009) (taking judicial notice of events that occurred "after the close of . . . administrative proceedings" in a case governed by the APA). More importantly, FWS 2021b does not set forth new information: rather, it summarizes information about the status of the northern spotted

owl—and the threats it faces and the conservation measures it requires—that existed at the time FWS completed its FY 2019 BiOp at issue here, rendering FWS 2021b suitable for judicial consideration.[7] *See Bunker Hill Co. v. EPA*, 572 F.2d 1286, 1292 (9th Cir. 1977) (considering extra-record materials because "the augmenting materials were merely explanatory of the original record"); *Indep. Min. Co. v. Babbitt*, 105 F.3d 502, 511–12 (9th Cir. 1997) (holding that district court did not err reviewing non-record document because "[i]t was merely supplemental evidence submitted in support of appellee's position").

To be clear, KS Wild is not seeking to supplement or complete the administrative record in this case, and therefore is not required to demonstrate that FWS 2021b fits within one of the exceptions to the record review rule. *Powell*, 395 F.3d at 1030. Instead, this Court is required under the Federal Register Act to judicially notice the Delay Rule, and should judicially notice FWS 2021b pursuant to FED. R. EVID. 201.

---

[7] Even if the information contained in the Delay Rule and FWS 2021b were post-decisional with respect to KS Wild's claims challenging the FY 2019 BiOp, it cannot be described as post-decisional with respect to KS Wild's claim seeking to compel the agencies to reinitiate consultation. Defendants' attempt to recast KS Wild's claim into a challenge to the agencies' determination that reinitiation was not required must fail. *See Yurok Tribe v. U.S. Bureau of Reclamation*, 231 F. Supp. 3d 450, 469 (N.D. Cal. 2017) (lawsuits challenging agencies' failure to reinitiate consultation under the ESA are governed by the "failure to act" standard of review under 5 U.S.C. § 706(1)); *Tanoh v. Dow Chemical Co.*, 561 F.3d 945, 953 (9th Cir. 2009) (reciting the "well-established rule that plaintiffs [are the] masters of their complaint"). KS Wild's claim challenging the agencies' failure to reinitiate consultation, like any challenge to an agencies' failure to act, challenges inaction, not action, and therefore does not accrue at any particular point in time. *Cf. Wilderness Soc'y v. Norton*, 434 F.3d 584, 588–89 (D.C. Cir. 2006) (summarizing cases holding that claims seeking to compel agency action are not time-barred even where the statute of limitations period has run after a statutory deadline was missed).

## IV.  Conclusion.

For the forgoing reasons, the Court should GRANT KS Wild's Motion for Judicial Notice of Exhibits A and B.

Respectfully submitted June 29, 2021.

/s/ Susan Jane M. Brown
SUSAN JANE BROWN (OSB #054607)
Western Environmental Law Center
4107 NE Couch St.
Portland, OR 97232
(503) 914-1323 | Phone
brown@westernlaw.org

Sangye Ince-Johannsen (OSB #193827)
Western Environmental Law Center
120 Shelton McMurphey Blvd, Ste 340
Eugene, OR 97401
(541) 778-6626 | Phone
sangyeij@westernlaw.org

*Attorneys for Plaintiffs*
