TODD KIM, Assistant Attorney General
JAY GOVINDAN, Section Chief
BRIDGET KENNEDY McNEIL, Assistant Section Chief
MICHELLE M. SPATZ, Trial Attorney (D.C. Bar No. 1044400)
United States Department of Justice
Environment and Natural Resources Division
Wildlife and Marine Resources Section
P.O. Box 7611, Ben Franklin Station
Washington, DC 20044-7611
Tel: (202) 598-9741; Fax: (202) 305-0275
E-mail: michelle.spatz@usdoj.gov

*Attorneys for Federal Defendants*

# UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON
## MEDFORD DIVISION

| | |
|---|---|
| KLAMATH-SISKIYOU WILDLANDS CENTER, OREGON WILD, and CASCADIA WILDLANDS, <br><br> *Plaintiffs*, <br><br> v. <br><br> UNITED STATES FISH AND WILDLIFE SERVICE, and UNITED STATES BUREAU OF LAND MANAGEMENT, <br><br> *Federal Defendants*. | Case No. 1:20-cv-00952-AA <br><br> **STIPULATED SETTLEMENT AGREEMENT ON PLAINTIFFS' CLAIM FOR ATTORNEYS' FEES AND COSTS** |

## JOINT MOTION

Plaintiffs and Federal Defendants ("the Parties") are pleased to inform the Court that they have reached a Stipulated Settlement Agreement ("Agreement") to resolve Plaintiffs' motion for attorneys' fees and costs, ECF Doc. Nos. 35–36, and respectfully request that the Court sign the attached proposed order adopting and approving the Agreement.

## STIPULATED SETTLEMENT AGREEMENT

1. For purposes of settlement only and without conceding liability for attorneys' fees and costs, Federal Defendants agree to pay a total of $72,016.12 in full and complete satisfaction of Plaintiffs' claims for attorneys' fees and costs and any and all potential claims, demands, rights, and causes of action for all attorneys' fees, costs, and expenses incurred by Plaintiffs in this litigation.

2. Payment shall be accomplished by electronic funds transfer into the Western Environmental Law Center's client trust account for Plaintiffs. Within ten (10) days of entry of an order approving this Agreement, Plaintiffs will provide Federal Defendants with the necessary account information to effectuate this electronic payment in a timely manner, including: the payee's telephone number, bank account number, account type, bank routing, and transit number, and Plaintiffs' tax identification numbers.

3. Federal Defendants shall submit the necessary paperwork for the electronic payment to the appropriate federal agency authorities within thirty (30) days after this Agreement is approved by the Court or Plaintiffs provide the information required to facilitate the payment, whichever is later.

4. Plaintiffs agree to accept Federal Defendants' payment of $72,016.12 in full satisfaction of any and all claims for attorneys' fees and costs of litigation incurred in this matter.

Plaintiffs agree that receipt of this payment from Federal Defendants shall operate as a waiver and release of any claims for attorneys' fees and costs in this matter.

5. Plaintiffs agree that their motion for attorneys' fees and costs (ECF Doc. Nos. 35–36) shall be dismissed with prejudice upon the Court's entry of an order approving this Agreement.

6. Except with respect to the obligations specifically required under this Agreement, Plaintiffs and Plaintiffs' counsel agree to hold harmless Federal Defendants in any litigation, further suit, or claim arising from the payment of the agreed-upon settlement amount, including any claims that may arise as to any apportionment of the payment amount to Plaintiffs and Plaintiffs' counsel.

7. By this Agreement, Federal Defendants do not waive any right to contest fees claimed by Plaintiffs or Plaintiffs' counsel, in any future litigation, or continuation of the present action.

8. Plaintiffs acknowledge that under 31 U.S.C. §§ 3711, 3716, 26 U.S.C.§ 6402(d), 31 C.F.R. §§ 285.5, 901.3, and other authorities, the United States may offset the settlement payment amount to account for any delinquent debts to the United States owed by Plaintiffs. *See Astrue v. Ratliff*, 560 U.S. 586 (2010).

9. Nothing in this Agreement shall be interpreted as, or shall constitute, a commitment or requirement that Federal Defendants are obligated to pay any funds exceeding those available, or take any action in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other appropriations law.

10. This Agreement is the result of compromise and settlement, and it is based on and limited solely to the facts involved in this case. This Agreement does not represent an admission by Plaintiffs or Federal Defendants to any fact, claim, or defense concerning any issue in this

lawsuit. This Agreement has no precedential value and shall not be used as evidence of such in any other matter.

11. This Agreement shall be binding on the Parties and their successors, agency, designees, employees, and all those acting by and through their authority. The Parties agree that this Agreement was negotiated in good faith and that this Agreement constitutes a resolution of claims that were denied and disputed by the Parties.

12. The undersigned representatives of the Parties certify that they are fully authorized by the Parties they represent to agree to the terms and conditions of this Agreement and legally bind the Parties to it, and do hereby agree to the terms herein.

13. This document sets forth the entire Agreement of the Parties for the settlement of Plaintiffs' request for attorneys' fees, costs, and expenses in this case. All previous understandings, agreements, and communications prior to the date hereof, whether express or implied, oral or written, relating to the subject matter of this Agreement, are fully and completely extinguished and superseded by this Agreement. No modification of this Agreement shall be valid unless expressly consented to in writing by all the Parties.

14. This Agreement shall be governed by and construed under federal law.

15. The terms of this Agreement shall become effective upon approval from this Court. Plaintiffs and Federal Defendants agree that electronic signatures are sufficient to bind the Parties.

WHEREFORE, the Parties respectfully request that the Court sign the attached proposed order adopting and approving this Agreement.

Dated: July 12, 2023        Respectfully submitted,
                            TODD KIM, Assistant Attorney General
                            JAY GOVINDAN, Section Chief
                            BRIDGET KENNEDY McNEIL, Assistant Section Chief

*/s/ Michelle M. Spatz*
MICHELLE M. SPATZ
Trial Attorney (D.C. Bar No. 1044400)
United States Department of Justice
Environment and Natural Resources Division
Wildlife and Marine Resources Section
P.O. Box 7611, Ben Franklin Station
Washington, DC 20044-7611
Tel: (202) 598-9741; Fax: (202) 305-0275
E-mail: michelle.spatz@usdoj.gov

*Attorney for Federal Defendants*

*/s/ Sangye Ince-Johannsen*
SANGYE INCE-JOHANNSEN (OSB #193827)
Western Environmental Law Center
120 Shelton McMurphey Blvd., Suite 340
Eugene, OR 97401
Tel: (541) 778-6626
Email: sangyeij@westernlaw.org

*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on July 12, 2023, I electronically filed and served the foregoing Stipulated Settlement Agreement on Plaintiffs' Claim for Attorneys' Fees and Costs on all counsel of record via the CM/ECF system.

*/s/ Michelle M. Spatz*
MICHELLE M. SPATZ, Trial Attorney
D.C. Bar No. 1044400
United States Department of Justice
Environment & Natural Resources Division
Wildlife and Marine Resources Section
P.O. Box 7611, Ben Franklin Station
Washington, D.C. 20044-7611
Tel: (202) 598-9741; Fax: (202) 305-0275
E-mail: michelle.spatz@usdoj.gov

*Attorney for Federal Defendants*